IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGE HERMAN THOMAS,      )
AIS #133092,               )
                           )
          Plaintiff,       )
                           )
     v.                    )          CIVIL ACTION NO. 2:03-CV-250-T
                           )                        WO
                           )
CHRIS ZEIGLER, et al.,     )
                           )
          Defendants.      )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, George Herman Thomas ["Thomas"], a state inmate, contends that the defendants violated his constitutional rights during his arrest for domestic violence and the resulting revocation of his parole based on this offense. Thomas names Chris Zeigler and Chris Ogden, deputies of the Elmore County Sheriff's Department, as defendants in this cause of action and seeks monetary damages.

The defendants filed a special report and supporting evidentiary materials addressing the plaintiff's claims for relief.  Pursuant to the order entered herein, the court deems it appropriate to treat this report as a motion for summary judgment.  *See Order of July 14, 2003 - Court Doc. No. 19*.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion,

the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. FACTS

The undisputed evidentiary materials submitted by the parties demonstrate that on February 21, 2002, law enforcement officials received a call from the plaintiff's wife, Serena Thomas, in which she reported a domestic disturbance.[1] Defendants Zeigler and Ogden were dispatched to the plaintiff's residence in response to this call. Upon their arrival, the defendants located the victim at a neighbor's house, at which time Mrs. Thomas reported "that she and her husband, the Plaintiff, got into an argument, that he became upset, that he dragged her by her hair down a hallway, and that he grabbed her by the throat and choked her. . . . The victim stated that the Plaintiff told her that he would kill her like the last woman that he killed." *Defendants' Exhibit A - Affidavit of Chris Zeigler* at 2; *Defendants' Exhibit B - Affidavit of Chris Odgen* at 2; *see also Defendants' Exhibit C - Alabama Uniform Incident Report* at 2. Each of the defendants observed that "the victim had red hand prints on her throat from being choked." *Id.* The defendants also noted that the victim appeared "fearful, hysterical, afraid and nervous." *Defendants' Exhibit C - Alabama Uniform Incident Report* at 3. Based on the hand prints found on the victim's throat, the defendants arrested the plaintiff for domestic violence. Defendant Zeigler subsequently provided testimony at the plaintiff's parole revocation hearing in which he

---

[1]In the offense report, the victim is also identified as Serena Iovenilli.

described the events of February 21, 2002.

## II.  STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim.   Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).  An affidavit submitted in opposition to a motion for summary judgment "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." Rule 56(e), *Federal Rules of Civil Procedure*.  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof

at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being afforded an opportunity to do so, to present requisite evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

## III. DISCUSSION

### A. The Conspiracy Claim

Thomas complains that the defendants conspired with his wife to ensure his arrest and effectuate the revocation of his parole. *Plaintiff's Response to the Special Report -*

4

*Court Doc. No. 25* at 8. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the pleadings filed by the plaintiff and concludes that the conspiracy claim provides no basis for relief in this cause of action.

In his affidavit opposing the defendants' motion for summary judgment, Thomas maintains that his wife admitted to him her involvement in a conspiracy with the defendants. He also asserts that his wife told him "that Deputy Zeigler told her that he had to arrest one of us since she had called them. And for sexual favors he would arrest me. She agreed because she did not want to go to trial. He then proceeded to tell her what she should say." *Affidavit of George H. Thomas* at 13. The statement of Thomas with respect to the alleged admission of guilt by his wife is hearsay. That portion of his affidavit which references what his wife said she was told by defendant Zeigler constitutes double hearsay. At trial, these statements would be inadmissible. "[I]nadmissible hearsay 'cannot be considered on a motion for summary judgment.' *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990) (citing cases from six Circuits)." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (footnote omitted). The remaining portion of the plaintiff's affidavit and the assertions contained in his response are, at best, only self serving, purely conclusory allegations that fail to demonstrate the material facts necessary to establish a conspiracy between the defendants and his wife. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988)

(to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private persons and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his own conclusory allegations, the plaintiff presents no evidence which would be admissible at trial that indicates the defendants entered into a conspiracy with his wife to assure the revocation of his parole.  In light of the foregoing, the court concludes that the defendants are entitled to summary judgment on the conspiracy claim.  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

## B.  The Unlawful Arrest Claim

Thomas complains that the defendants subjected him to an unlawful arrest as "the alleged victim" served as the only witness "to the alleged incident" and "no documented evidence [in the form of photographs] exists of physical injury."  *Plaintiff's Response to the Special Report - Court Doc. No. 25* at 3.  He also asserts that the defendants failed to record or credit his statement in which he denied the allegations made against him by his wife. *Id.* at 4.

Probable cause to arrest exists when an arrest is "objectively reasonable based on the totality of the circumstances."  *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).

6

"This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citations omitted). It is undisputed that prior to the plaintiff's arrest the victim informed the defendants that Thomas had dragged her down a hallway by her hair and choked her. Defendants Zeigler and Ogden observed red hand prints on each side of the plaintiff's throat. Consequently, the record before the court establishes that the arresting officers had sufficient knowledge of facts and circumstances which warranted a belief that a criminal offense had been committed and that the plaintiff committed this offense. An objectively reasonable officer with the information made available from the victim and the evidence observed by the defendants could have believed that the facts established probable cause to arrest the plaintiff for robbery. *See McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003). Consequently, the court concludes that probable cause existed upon which to base an arrest thereby negating the plaintiff's illegal arrest claim. Summary judgment is therefore due to be granted in favor of the defendants.

### C. The Perjury Claim

The plaintiff complains that defendant Zeigler provided false information to the parole board during the parole revocation proceedings. *Plaintiff's Complaint* at 2-3. The court construes this portion of the complaint as asserting a claim that defendant Zeigler

7

committed perjury in presenting testimony at the plaintiff's parole revocation hearing. Defendant Zeigler denies the plaintiff's allegation and asserts that the information he provided to the parole board was truthful and was based on his personal knowledge of the February 21, 2002 incident. *Defendants' Exhibit A - Affidavit of Chris Zeigler* at 3.

The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim for damages against a deputy sheriff for committing perjury during state proceedings as he is absolutely immune from such liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 115, 75 L.Ed.2d 96 (1983); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987). In *Briscoe*, the Supreme Court further suggested that the false testimony of a law enforcement official in and of itself does not violate an accused's constitutional rights. *Briscoe*, 460 U.S. at 327, n. 1. Moreover, Thomas has failed to come forward with any evidence in compliance with Rule 56(e) to support his perjury claim. His mere conclusory allegations are not sufficient to oppose the defendant Zeigler's properly supported motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). Thus, defendant Zeigler is entitled to summary judgment on this claim.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before August 2, 2005 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of July, 2005.


/s/ Susan Russ Walker

9

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE